UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

LEA EIDLISZ on behalf of herself and
all other similarly situated consumers

                          Plaintiff,

         -against-

MULLOOLY, JEFFREY, ROONEY & FLYNN LLP

                      Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Lea Eidlisz, brings this action against Mullooly, Jeffrey, Rooney & Flynn LLP for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Syosset, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### Jurisdiction and Venue

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Lea Eidlisz

9.    Upon information and belief, on a date better known by Defendant, Defendant began to
      attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about February 5, 2016, Defendant sent the Plaintiff a collection letter.

11.   The said letter was an effort to collect on a consumer debt.

12.   The said February 5, 2016 letter failed to correctly state the in full the amount of the debt
      allegedly owed.

13.   Though the February 5, 2016 letter listed a "total amount . . ." and demanded payment in
      full, the letter did not state on which date the "total amount" was calculated, and did not
      explain that other charges would continue to accrue on the unpaid principal; thus, the
      Plaintiff's total balance might be greater on the date she makes a payment.

14.   A reasonable consumer could read the notice and be misled into believing that he or she
      could pay her debt in full by paying the amount listed on the notice.

15.   Yet in reality, the "total amount" was not static as represented by a summons and
      complaint which was filed against Ms. Eidlisz in Civil Court, which demanded the "sum
      of $6,643.64 together with costs and disbursements."

16.     Since there are undisclosed costs, disbursements and fees, a consumer who pays the "total amount" stated on the notice will not know whether the debt has been paid in full.

17.     The debt collector could still seek the fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

18.     The statement of an "total amount," without notice that the amount is already increasing due to other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

19.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest or fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

20.     Collection notices that state only the "total amount," but do not disclose that the balance might increase due to interest or fees, are "misleading" within the meaning of Section 1692e.

21.     Although the February 5, 2016 letter stated an amount due and demanded payment in full, the letter also failed to disclose to the Plaintiff that the Defendant would attempt to collect the additional charges at a later date.

22.     Upon receiving the February 5, 2016 letter, the Plaintiff was uncertain whether the amount due was static as there was no disclosure or admonition indicating otherwise.

23.     A debtor who pays the "total amount" stated in the collection letter will be left unsure as

to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

24. The February 5, 2016 letter would cause the unsophisticated consumer uncertainty and force her to guess how much money she allegedly owed to the Defendant, how much money would accrue daily on her alleged debt, how much additional money she would owe if she paid the amount demanded in the February 5, 2016 letter, and if or when the Defendant's collection efforts would actually discontinue if she remitted "total amount" that the Defendant demanded.

25. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

26. Upon information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

27. Upon information and belief, the Defendant's collection letters, such as the said February 5, 2016 collection letter, number in at least the hundreds.

28. The Defendant, by failing to state that it would add other charges to the amount of the debt, made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

29. Defendant's February 5, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt

owed by the Plaintiff.

30.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

36.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages

including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

39. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. The identities of all class members are readily ascertainable from the records of Mullooly, Jeffrey, Rooney & Flynn LLP and those business and governmental entities on whose behalf it attempts to collect debts.

41. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Mullooly, Jeffrey, Rooney & Flynn LLP, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor

her attorneys have any interests, which might cause them not to vigorously pursue this action.

45.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  (a)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

  (b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

  (c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  (d)  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

46.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

47.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48.     Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

49.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

50.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through forty nine (49) herein with the same force and effect is if the same were set forth at length herein.

51.     This cause of action is brought on behalf of Plaintiff and the members of a class.

52.     The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 5, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### Violations of the Fair Debt Collection Practices Act

53.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

54.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
       January 16, 2017

                                        ___/s/ Maxim Maximov_____
                                        Maxim Maximov, Esq.
                                        Attorneys for the Plaintiff
                                        Maxim Maximov, LLP
                                        1701 Avenue P
                                        Brooklyn, New York 11229
                                        Office: (718) 395-3459
                                        Facsimile: (718) 408-9570
                                        E-mail: m@maximovlaw.com


Plaintiff requests trial by jury on all issues so triable.

                                        ___/s/ Maxim Maximov_____
                                        Maxim Maximov, Esq.